Claim; from Treutlen superior court—Judge Graham.   April 7, 1924.

*W. B. Kent,* for plaintiffs in error.

*D. R. Jackson,* contra.

---

15586.   REYNOLDS BANKING Co. *v.* McGUFFIN, sheriff, for use, etc.

BLOODWORTH, J.   This was a suit on a forthcoming bond for the value of the mule named therein; the petition alleging a breach of the bond.   A verdict was directed for the plaintiff.   Under the rulings in *Johnson* v. *Stevens,* 19 *Ga. App.* 192 (91 S. E. 220), and cases there cited, *Westberry* v. *Hand,* 19 *Ga. App.* 529 (2 *b*) (91 S. E. 930), and *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665, 666 (97 S. E. 94), the court erred in not submitting to the jury the question as to the value of the mule for which the bond was given.   This error requires the grant of a new trial.   *Judgment reversed.   Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 7, 1924.

Action on bond; from Taylor superior court—Judge Munro. July 14, 1923.

*C. B. Marshall, Jere M. Moore,* for plaintiff in error.

*Homer Beeland,* contra.

---

15592.   MARBUT *v.* SOUTHERN RAILWAY Co.

LUKE, J.   The court did not err in sustaining the demurrer and dismissing the suit.

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 7, 1924.

Action for breach of contract; from Fulton superior court—Judge Humphries.   March 15, 1924.   See 22 *Ga. App.* 330.

The petition of J. D. Marbut against the Southern Railway Company, filed July 22, 1918, alleged: (Paragraph 2) "The defendant is indebted to petitioner in the sum of $2204.23 on a breach of its contract with petitioner.   The petitioner, on and before the 30th of September, 1914, had been employed by the defendant as a car inspector.   Said contract was in writing, the terms of which were as follows: 'If a carman (meaning a car inspector) is unjustly discharged, he shall be reinstated and shall be paid for time lost.' "   (Paragraph 3) "On the 30th day of September,

1914, the defendant unjustly discharged petitioner, and has held him out of its service ever since, and still holds him out of its service, and, by reason of this unjustly being held out of said service, he has lost 657 days, or 45 months and 22 days; and said time was worth to petitioner the sum here sued for." (Paragraph 4) "Petitioner, though unjustly discharged, has not been reinstated, nor has the defendant paid him for his said lost time, yet he has asked to be reinstated and has demanded his lost time of the defendant. By reason of the facts here alleged the defendant has breached its contract with petitioner; and for this he brings this his suit."

The defendant demurred, on the grounds: that no cause of action was set out; that the alleged contract was not set out; and that paragraph 3, in charging that the plaintiff was unjustly discharged and that the defendant unjustly held him out of its service, stated a mere conclusion, without facts on which to base the conclusion. The court passed an order "sustaining the general demurrer and conditionally dismissing the cause of action, unless the plaintiff so amended his petition within 10 days as to meet the objections raised by the general demurrer." Within the time allowed, the plaintiff filed an amendment, which was allowed subject to demurrer. The amendment was as follows: Paragraph 2 was amended by adding the following rules: (a) "Rule 19. When a carman has a grievance he shall make a personal effort to adjust same with the foreman, general foreman and master mechanic. If not settled in this manner satisfactorily, he will then place it in the hands of a committee of employees, who shall try to settle it with the master mechanic. Failing to do this, the committee shall place such grievance in the hands of the district committee, composed of employees, for adjustment with the superintendent of motive power, and general superintendent of motive power and equipment. If an adjustment is then not reached, such grievance shall be turned over to the president of the federation and executive board, if necessary, for final adjustment." (b) "Rule 20. If a carman is discharged, he thinks, unjustly, he shall have the right to appeal to the master mechanic within three days after his discharge. If then not satisfactorily adjusted, the grievance should be taken up as per Rule 19. If a carman is found to have been unjustly discharged, he shall be reinstated and shall be paid for time lost."

It was alleged: (c) Each requirement of rules 19 and 20 has been complied with by petitioner, and all the petitions, writings, and findings, and the reports of the officers of the defendant are in the defendant's possession, and it lies within the power of the defendant to plead and allege the contents thereof for and on account of these facts. (d) The complaint brought against petitioner was that on May 5, 1914, while inspecting a cut of cars, five in number, he overlooked and improperly inspected car number L. & N. 101702. Petitioner never inspected that cut of cars, and had no opportunity of inspecting them in his capacity as car inspector. Rules 19 and 20 constitute the entire contractual relations between the plaintiff and the defendant so far as their contract is pertinent to the subject-matter herein involved. Paragraph 3 was amended by alleging that the plaintiff was not responsible for the faulty inspection of the car mentioned, that it was inspected by another inspector, and that the defendant, with these facts before it as provided in rules 19 and 20, capriciously and without evidence against the plaintiff, discharged him, and continued to hold him out of its service. He alleged that before his discharge he was for eighteen years a car inspector for the defendant, and that at the time of his discharge he was earning $3.35-1/2 per day seven days in the week.

To the petition as amended the defendant demurred, on the grounds: that no cause of action is set out; that the contract referred to was "between other and different parties and the Southern Railway Company, or an order or union of which the plaintiff was a member, and the contract is insufficiently set forth;" that subparagraph c of paragraph 2 states a conclusion of the pleader and does not relieve the plaintiff from setting out the contract referred to; that the allegation of subparagraph d of paragraph 2, that "rules 19 and 20 constitute the entire contractual relation between the plaintiff and the defendant," is a conclusion of the pleader; and that the contract set forth is insufficient to constitute a contract between the plaintiff and the defendant.'

The judgment on the demurrer was as follows: "It does not appear that the rules referred to constituted such contract between the parties as to authorize this action based thereon. But if it should be conceded that they constituted a contract between the parties, (a) the provisions of the rules are too general to bind the

parties for any definite length of time; and (b) a discharged employee would not be entitled to recover for lost time thereunder before reinstatement. Wherefore the demurrer is sustained upon each and all of its grounds, and plaintiff's petition is dismissed," etc.

*Lawton Nalley, Charles G. Reynolds,* for plaintiff.

---

### 15601. SOUTHERN RAILWAY CO. *v.* EASLEY COTTON MILLS.

LUKE, J. This case falls within the rule announced in *Rowe Brothers Motor Express Co.* v. *Twiggs County,* 152 *Ga.* 548 (110 S. E. 303), 28 *Ga. App.* 211 (110 S. E. 925), and cases cited. For this reason the first grant of a new trial will not be disturbed by this court.

     *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 7, 1924. REHEARING DENIED NOVEMBER 12, 1924.

Action for damages; from Fulton superior court—Judge E. D. Thomas. March 24, 1924.

*McDaniel & Neely, Kendrick L. Scott,* for plaintiff in error.
*Watkins & Asbill,* contra.

---

### 15603. MEDLOCK *v.* NICHOLS.

BLOODWORTH, J. There is nothing in any of the grounds of the motion for a new trial in this case that requires a reversal of the judgment, and no error was committed when the judge overruled the motion for a new trial.      *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

     DECIDED OCTOBER 7, 1924.

Complaint; from city court of Decatur—Judge Daley. April 9, 1924.

*Carl T. Hudgins,* for plaintiff in error.
*L. J. Steele,* contra.

---

### 15605. McLENDON *et al. v.* TOWNS.

LUKE, J. The certiorari was properly overruled.

     *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

     DECIDED OCTOBER 7, 1924.